## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **FEDERAL DEPOSIT INSURANCE** | ) | **CASE NO. 1:15CV2468** |
| **CORPORATION AS RECEIVER** | ) | |
| **FOR AM TRUST BANK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **AMERICA'S CHOICE HOME LOANS** | ) | **OPINION AND ORDER** |
| **LP, f/k/a iwayloan, L.P.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant America's Choice Home Loans, LP for Transfer of Venue (ECF # 9).  For the following reasons, the Court denies Defendant's Motion.

On December 2, 2015, the Federal Deposit Insurance Corporation ("FDIC") as Receiver for AmTrust Bank, filed its Complaint with this Court alleging breach of a February 28, 2002 Master Correspondent Loan Purchase Agreement ("Agreement").   Pursuant to the Agreement, Defendant sold or transferred mortgage loans to AmTrust Bank f/k/a Ohio Savings Bank.  According to the Complaint, "Defendant breached its representations and

warranties in the Agreement by providing Am Trust with incomplete, inaccurate, false or misleading information regarding six mortgage loans sold or transferred to AmTrust."  FDIC alleges venue is proper in this Court because the parties consented to personal jurisdiction and venue in this District as represented in the Agreement by a forum selection clause.  That clause demonstrates the intent of the parties to litigate any disputes arising from the Agreement in Cleveland, Ohio.  Furthermore, the parties agreed that the rights and duties under the Agreement would be governed by Ohio law.  FDIC further alleges venue is proper in this District because the Agreement was executed  in this District,  the place of performance under the Agreement is in this District and AmTrust suffered injury in this District.

On February 22, 2016, Defendant filed its Motion for Transfer of Venue pursuant to 28 U.S.C. 1404(a).  According to Defendant, the original signatory to the Agreement, AmTrust, no longer exists.  Defendant is not located in Ohio, rather, its principal place of business is Houston, Texas.  The mortgages at issue were secured by real estate located in the Austin, Texas area.  FDIC alleges the value of these properties were inflated.  Furthermore, FDIC alleges Defendant failed to disclose a relationship between a buyer and a seller and made a number of misrepresentations concerning:  the number of units sold as investments in building, a borrower's debt obligation and a borrower's income and employment.  Defendant argues that each of these inquiries will involve intensive fact discovery focused largely on the actual value of the Texas-based properties and will involve deposing individuals presumably located in Texas.  Therefore, according to Defendant, the convenience of parties and witnesses overwhelmingly favors Texas.

2

Defendant offers the affidavit of Philip R. Cloutier, President of Iway Holdings, Inc. a Texas-based company and general partner of Defendant.  Cloutier attests that the properties securing the loans in question are all based in Texas and all Defendant's employees that processed the loans in question are located in Texas.  He further attests Defendant has no property or employees in Ohio.

FDIC notes that Defendant is located in the Southern District of Texas while the properties securing the disputed loans are located in Western District of Texas.  It further asserts that the relevant non-party witnesses are scattered throughout the United States, therefore, the convenience of witnesses is not better served by transferring venue to Texas. FDIC contends that because Defendant agreed to Cleveland, Ohio as the appropriate forum in its forum selection clause it cannot argue as a matter of law it is inconvenienced by litigating in the chosen forum.  Furthermore, this forum is the appropriate venue because the Agreement contains a choice of law clause holding that Ohio law governs any disputes arising from the Agreement.

## LAW AND ANALYSIS

The United States Supreme Court issued a decision on the weight a district court should give a forum selection clause when considering dismissal or transfer.  In *Atlantic Marine Construction Co. Inc. v. United States District Court for the Western District of Texas*, *et al.,* 134 S. Ct. 568 (2013), the Supreme Court first held that the proper mechanism for enforcing a forum selection clause is 28 U.S.C. § 1404(a). 1404(a) holds "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any

3

district or division to which all parties have consented."

The Supreme Court further held "[w]hen a defendant files such a motion, we conclude, a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id*. at 581.  When a valid and enforceable forum selection clause evidences the parties' intent to bring an action in a particular federal district, the forum selection clause must be given "controlling weight in all but the most exceptional circumstances." *Atlantic Marine* at 581.   "Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404a motion be denied." *Id.*

The Supreme Court considered the usual analysis of a § 1404 motion to transfer.

In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations.  Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve "the convenience of parties and witnesses" and otherwise promote "the interest of justice." §1404(a).

In *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, (1988), the Supreme Court outlined the following factors for courts to consider:

    1) the convenience of parties;
    2) the fairness of the transfer in light of the forum selection clause;
    3) the relative bargaining power of the parties to the forum selection clause;
    4) convenience of witnesses; and
    5) public interest in systemic integrity and fairness

*Id.* at 29,30.

The existence of a valid forum selection clause changes the above analysis.

4

The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which "represents the parties' agreement as to the most proper forum." (Internal citation omitted).  The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote "the interest of justice," "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." (Internal citations omitted).

*Atlantic Marine*, at 581.

The Supreme Court described three ways the usual venue analysis changes when there exists a valid forum selection clause.  First, plaintiff's choice of forum is accorded no weight because plaintiff is presumed to have expressed its desired forum in the forum selection clause.  Second, courts cannot entertain arguments on the parties' private interests as those are now deemed to weigh "entirely" in favor of  the choice of forum contained in the forum selection clause.   Finally, the law of the state wherein the suit was filed, if different from the forum agreed to in a forum selection clause, will not follow the case upon transfer.

*Id* at 581-82.

Section 8.15 of the Agreement reads in pertinent part:

The parties hereby consent and submit themselves to the jurisdiction and venue in any State or Federal court located in the City of Cleveland, Ohio for purposes of any legal or equitable proceeding arising from, out of or in connection with this Agreement or any transaction contemplated hereby...

Section 8.18 reads:

This Agreement shall be construed and enforced in accordance with the laws of the State of Ohio.

Defendant does not challenge the enforceability or validity of the forum selection

5

clause. Therefore, under *Atlantic Marine*, the private interest factors are all determined as a matter of law to favor the venue selected by the parties in the forum selection clause. That forum is Cleveland, Ohio. All private interest considerations, such as convenience of the parties and fairness to the parties in light of the forum selection clause, are deemed to favor the forum selected by the parties in a valid and enforceable forum selection clause. Furthermore, the convenience of witnesses does not militate in favor of one forum or another as Plaintiff has produced evidence that the third party witnesses are scattered throughout the country, if not the world.

Because the private interest factors are deemed to favor the forum as agreed to by the parties in a valid forum selection clause, the Court must next consider the public interest. Here, the public interest also favors Cleveland as the appropriate forum. The public interest of "having the trial in a forum that is at home with the state law that must govern the case" favors Ohio because the Agreement contains a choice of law clause wherein the parties agreed Ohio law would govern disputes. *Braman v. Quizno's Franchise Co.*, LLC, No. 5:07CV2001, 2008 WL 611607, at *6 (N.D. Ohio Feb. 20, 2008) citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-509 (1947). Additionally, the public interest favors transfer because "the public has a strong interest in applying contracts as they are written." *PolyOne Corp. v. Teknor Apex Co.,* No. 1:14CV0078, 2014 WL 4207671, at *6 (N.D. Ohio Aug. 25, 2014) citing *First Solar, LLC v. Rohwedder, Inc.,* No. 3:04CV7518, 2004 WL 2810105 (N.D.Ohio Dec.8, 2004). Here, Defendant contracted in advance to litigate disputes in Ohio and "courts should not unnecessarily disrupt the parties' settled expectations." *Atl. Marine Const. Co.,* 134 S. Ct. 568 at 583. "[T]he interest of justice is served by holding parties to

their bargain." *Id.*

Therefore, for the foregoing reasons, the Court denies Defendant's Motion to Transfer.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  July 29, 2016